```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER E. BROWN,                       :
an individual,                              :
                                            :
              Plaintiff,                    :
                                            :
vs.                                         :
                                            :
MAYORE ESTATES LLC,                         :
a New York Limited Liability Company, and   :
CENTURY 21 DEPARTMENT STORES LLC,           :
a New York Limited Liability Company,       :
                                            :
              Defendants.                   :
------------------------------------------------------------x
```

**07 CV 5782**

CASE NO. JUDGE BRIEANT

2007 JUN 19 AM 8:— S.D. OF N.Y.

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues MAYORE ESTATES LLC, a New York Limited Liability Company, and CENTURY 21 DEPARTMENT STORES LLC, a New York Limited Liability Company, for injunctive relief, damages, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq. ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief as well as damages pursuant to Title III of the Americans With Disabilities Act, 42, U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.  Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a

1

resident of the State of New York.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. The Defendants, MAYORE ESTATES LLC (hereinafter referred to as "MAYORE ESTATES,") and CENTURY 21 DEPARTMENT STORES LLC (hereinafter referred to as "CENTURY 21") are both New York Limited Liability Companies registered to do business in the State of New York. Upon information and belief, MAYORE ESTATES and CENTURY 21 are the owners, lessees, and/or operators of the real property and improvements which is the subject of this action, to wit: the "Property," located at 22 Cortlandt Street, New York, NY 10007.

7. All events giving rise to this lawsuit occurred in the Southern District of New York, in the County of New York.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property is a public accommodation, subject to the ADA, located at 22 Cortlandt Street, New York, NY 10007 in the County of New York.

10. Between August 2006 and the present, MR. BROWN visited the Property, located at 22 Cortlandt Street, New York, NY 10007, numerous times.

11. During these visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in paragraph 14 of this Complaint.

12. MR. BROWN continues to desire to visit the property, but continues to experience serious difficulty due to the barriers discussed in paragraph 14 which continue to exist.

13. MR. BROWN plans to and will visit the property once the barriers discussed in paragraph 14 and any other barriers have been removed.

14. Defendants are in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and are discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, *inter alia,* the following violations:

   A. Inaccessible ramps with excessive slopes;

   B. Inaccessible elevator lacks adequate clear floor space and proper accessible controls;

   C. Inaccessible paths of travel on main floors due to changes in level on each floor with stairs which either lack a ramp or provide ramps with excessive slopes;

   D. The restrooms are not on an accessible route because they are only reachable using the escalator and stairs;

   E. The restroom is inaccessible due to the failure to provide a designated accessible stall for disabled use;

   F. The restroom stalls fail to provide adequate door opening width, turning radius, and clear floor space for safe transfer from a wheelchair onto the

       toilet;

G. The toilets are not at an accessible height;

H. The restroom stalls are inaccessible due to failure to provide accessible grab bars;

I. The restroom sinks are inaccessible due to the lack of proper knee clearance under the sink;

J. The halls and entry doors are inaccessible due to failure to provide proper clear width;

K. Merchandise aisles throughout the property are inaccessible due to failure to provide adequate width along the route;

L. Checkout counters and payment surfaces throughout the property are inaccessible due to excessive height and failure to provide a lowered counter;

M. There are protruding objects throughout the property which obstruct the path of travel.

15. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by

failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Plaintiff additionally intends to return to the property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

19. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against MAYORE ESTATES and CENTURY 21, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the properties owned and administered by MAYORE ESTATES and CENTURY 21 are in violation of the ADA;

    B. That the Court enter an Order directing MAYORE ESTATES and CENTURY 21 to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing MAYORE ESTATES and CENTURY 21 to evaluate and neutralize their policies and

procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,
KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512

By: _____
KU & MUSSMAN, P.A.
Attorney for Plaintiff
J. Justin Griffin, Esq.
Of Counsel
176 Route 304, 2nd Floor
Bardonia, NY 10954
Tel: (845) 623-8071
Fax: (845) 623-8072
jjg10@hotmail.com
Bar ID No.: JG4808