PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Ph: (212) 969-3000
Fx: (212) 969-2900
Richard M. Goldstein
Joshua A. Stein
Attorneys for Defendant Century 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
CHRISTOPHER E. BROWN,                         :
                                              :
                       Plaintiff,             :   No. 07 CV 5782 (DLC DCF)
                                              :
        - against -                           :
                                              :   **ANSWER**
                                              :
MAYORE ESTATES LLC,                           :
A New York Limited Liability Company, and     :
CENTURY 21 DEPARTMENT STORES LLC,             :
A New York Limited Liability Company,         :
                                              :
                       Defendants.            :
------------------------------------------------------------x

Defendant CENTURY 21 DEPARTMENT STORES LLC ("Century 21"), by and through its undersigned Counsel, Proskauer Rose LLP, hereby files its Answer and Affirmative Defenses to Plaintiff's, Christopher E. Brown ("Plaintiff" or "Brown"), Complaint and in defense to the allegations therein, state as follows:

### FIRST DEFENSE

1.      Denies the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to complain of alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "ADA"), that Plaintiff seeks such relief as is requested in the Complaint, and avers that no response is necessary insofar as Paragraph 1 purports to state a conclusion of law.

1

2. Avers that no response is necessary to paragraph 2 of the Complaint since it purports to state a conclusion of law.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 5 of the Complaint, except avers that no response is necessary insofar as Paragraph 5 purports to state a conclusion of law.

6. Admits the allegations contained in paragraph 6 of the Complaint insofar as they refer to Century 21 and its leasing the property located at 22 Cortlandt Street, New York, NY 10007, and denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 6 of the Complaint insofar they refer to Mayores Estates LLC (hereinafter referred to as "Mayores").

7. Denies the allegations contained in paragraph 7 of the Complaint, except avers that no response is necessary insofar as Paragraph 7 purports to imply a conclusion of law.

8. In response to the allegations set forth in paragraph 8 of the Complaint, Century 21 realleges and incorporates by reference its answers, set forth above, to paragraphs 1 through 7 of the Complaint as if fully set forth herein.

9. Denies the allegations contained in paragraph 9 of the Complaint, and further avers that no response is necessary to the allegation that the Cortlandt Street Store is a public accommodation within the definition of the ADA as that purports to state a conclusion of law.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 12 of the Complaint insofar as they relate to Brown's future plans.

13. Denies the allegations contained in paragraph 13 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 13 of the Complaint insofar as they relate to Brown's future plans.

14. Denies the allegations set forth in paragraph 14 of the Complaint, including subparts (A) through (M) thereunder.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 18 of the Complaint insofar as they relate to Brown's future intentions.

19. Denies the allegations asserted in paragraph 19 of the Complaint, except avers that no response is necessary insofar as Paragraph 19 purports to state a conclusion of law.

20. Denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause, including its subparts (A) through (E) thereunder.

21. Any allegation not specifically admitted should be deemed denied.

## SECOND AFFIRMATIVE DEFENSE

22. The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

24. Century 21 is not, in all respects, a public accommodation within the meaning of Title III of the ADA.

## FIFTH AFFIRMATIVE DEFENSE

25. The Complaint and each Count therein is barred because plaintiff has not complied with the requirements of 42 U.S.C. § 2000a-3(c).

## SIXTH AFFIRMATIVE DEFENSE

26. The Complaint is barred because the relief requested would, in whole or in part, fundamentally alter the nature of the services, facilities, privileges, advantages, or accommodations offered by Century 21.

## SEVENTH AFFIRMATIVE DEFENSE

27. The Complaint is barred because the relief sought would, in whole or in part, constitute an undue burden on Century 21.

## EIGHTH AFFIRMATIVE DEFENSE

28. The Complaint is barred, in whole or in part, because the barrier removal relief sought is not readily achievable.

## NINTH AFFIRMATIVE DEFENSE

29. Plaintiff has failed to name a necessary party to the Complaint.

WHEREFORE, Defendant Century 21, demands judgment dismissing the Complaint with prejudice, together with attorneys' fees and costs and disbursements in this action.

Dated: New York, New York
September 14, 2007

PROSKAUER ROSE LLP

By: _____
Richard M. Goldstein
Joshua A. Stein
1585 Broadway
New York, NY 10036
Ph: (212) 969-3000
Fx: (212) 969-2900

Attorneys for Defendant Century 21