UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 2/8/08 |

------------------------------------------------x

CHRISTOPHER E. BROWN,                      :
an Individual,                             :
                                           :
                    Plaintiff,             :       No. 07 CV 5782 (DLC)
                                           :
        - against -                        :
                                           :       **STIPULATION AND**
MAYORE ESTATES LLC,                        :       **ORDER OF SETTLEMENT**
A New York Limited Liability Company, and  :
CENTURY 21 DEPARTMENT STORES LLC,          :
A New York Limited Liability Company,      :
                                           :
                    Defendants.            :
------------------------------------------------x

WHEREAS, on or about June 19, 2007, Plaintiff Christopher E. Brown ("Plaintiff")

commenced an action in the United States District Court for the Southern District of New York,

Civ. No. 07 CV 5782 (the "Action"), against Mayore Estates LLC, a New York limited liability

corporation ("Mayore") and Century 21 Department Stores LLC, a New York limited liability

corporation ("Century 21") (collectively "Defendants") (Plaintiff and Defendants collectively

referred to as the "Parties"); and

WHEREAS, the Action alleged that the Defendants own, lease, and/or operate a real

property located at 22 Cortlandt Street, New York, NY 10007 in the County of New York (the

"Property"), and that, in certain respects that Property is a public accommodation, areas of which

are not fully accessible to the disabled, allegedly in violation of Title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"); and

WHEREAS, on or about September 11, 2007, Mayore filed an Answer to the Complaint

denying the material allegations therein and asserting various affirmative defenses, as well as

Cross-Claims against co-Defendant Century 21; and

1

WHEREAS, on or about September 14, 2007, Century 21 filed an Answer to the
Complaint denying the material allegations therein and asserting various affirmative defenses;
and

WHEREAS, on or about, October 12, 2007, Century 21 filed an Answer to Mayore's
Cross-Claims denying the material allegations therein, setting forth various affirmative defenses,
and asserting its own Cross-Claims against Co-Defendant Mayore; and

WHEREAS, on or about, November 1, 2007, Mayore filed an Answer to Century 21's
Cross-Claims denying the material allegations therein and asserting various affirmative defenses;
and

WHEREAS, subsequent to the service of the Complaint, in an appearance before the
Court, Plaintiff's counsel indicated that Plaintiff's claims were directed solely to alleged
conditions at the Century 21 Department Store located on the Property (the "Store"); and

WHEREAS, the Parties desire to resolve and settle in full all claims and cross-claims that
were or could have been raised in the Action, including all claims under the ADA or similar
statutes, and all claims concerning the accessibility of the Property owned, leased, and/or
operated by Defendants and the Parties agree that this settlement is the appropriate means of
resolving these matters; and

WHEREAS, the Parties enter into this Stipulation of Settlement solely for the purpose of
avoiding the burdens and expense of additional litigation and without admitting any liability or
wrongdoing whatsoever;

NOW, THEREFORE, for and in consideration of their mutual promises and undertakings
set forth herein, and for other valuable consideration, the Parties agree as follows:

2

## I.   APPLICATION AND PARTIES BOUND

1.1     The Parties agree to compromise this Action on the terms contained herein. This Stipulation applies to, and is binding upon, Plaintiff and Defendants. The undersigned representatives of the Parties certify that they are authorized to enter into and consent to the terms and conditions of this Stipulation and to execute and legally bind the Parties to it.

1.2     Except as specifically provided for under the terms herein, no party shall be under any obligation under this Stipulation of Settlement to undertake any actions, alterations, modification, and/or changes with respect to the Property.

## II.   DEFINITIONS

Definitions. The following terms will have the following meanings:

(a)     "ADA" means the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

(b)     "ADAAG" means the Americans with Disabilities Accessibility Guidelines set forth in 28 C.F.R. part 36, app. A.

(c)     "Accessible Route" means a continuous unobstructed path connecting accessible elements and spaces within a building or facility, as defined in ADAAG §§ 3.5 and 4.3.

(d)     "Store" means the Century 21 Department Store located on the Property at 22 Cortlandt Street, New York, NY 10007.

(e)     "Main Entrances" mean the three entrances to the Store, located at: (i) 22 Cortlandt Street, New York, New York; (ii) 17 Dey Street, New York, New York ; and (iii) 25 Church Street, , New York, New York.

3

## III.    STIPULATED RELIEF

A.    Century 21 shall implement the following modifications to, and/or policies at, the Store, within one year of the Court's entry of this Stipulation of Settlement:

3.1    Exterior Doors. Century 21 shall ensure that the door pressure of the exterior doors of the Store's three Main Entrances shall be adjusted so as to comply with the requirements of ADAAG § 4.13.11. Moreover, in accordance with Century 21's current practice, Century 21 will continue to station at least one security guard at each of the Store's three Main Entrances during all hours when it is open to the public for business. Century 21 shall instruct these security guards to assist disabled patrons who indicate a need for assistance via the buzzers located on the exterior of each of the Store's three Main Entrances and to inform such patrons of the Handout described below in § 3.5 of this Stipulation. These obligations only apply to Century 21's Main Entrances as currently configured and are no longer required if Century 21 replaces the existing doors at the Main Entrances with those that open automatically.

3.2    Auxiliary Counters. Century 21 shall install auxiliary counters – which in compliance with ADAAG § 7.2(1) will be at least 36 inches in length with a maximum height of 36 inches above the finished floor, and as set forth in ADAAG §§ 4.2.5 and 4.2.6 will permit for adequate forward reach and side reach – at 4 (four) cashier stations on each floor of the Store. These auxiliary counters shall be evenly disbursed throughout the store and only located at cashier stations that exist along an Accessible Route. If Century 21 chooses to modify a cashier station containing multiple registers, Century 21 need only install one auxiliary counter at that station. Furthermore, if Century 21 chooses to modify a cashier station that is located within 10 yards of at least one other cashier station, Century 21 need only install one auxiliary counter to

4

cover that entire area. Finally, Century 21 shall install at least 1 (one) auxiliary counter in its customer service center.

    3.3    Signage. Century 21 shall install a reasonable amount of additional readily-visible signage at appropriate locations throughout the Store identifying: (i) the location of existing Accessible Routes and elevators; (ii) the location of the accessible restroom; (iii) which cashier stations have auxiliary countertops; and (iv) where to obtain the Accessibility Handout referenced below in § 3.5.

    3.4    Training of Staff. Century 21 shall conduct regular training for its sales staff and managers that reviews the Store's policies and practices for providing assistance to disabled patrons and highlights its existing accessible features (i.e., the accessible restroom; accessible elevators; and Accessible Routes throughout the Store).

    3.5    Handout Explaining Accessible Paths. Century 21 shall provide an informational handout for distribution to patrons that highlights: (i) the location of accessible features within the Store, such as accessible elevators and the accessible restroom; (ii) the multiple existing Accessible Routes to accessible areas of the Store; and (iii) the location of the auxiliary counters (which will be installed pursuant to § 3.2 above) (the "Handout"). As set forth above in § 3.3 of this Stipulation, the existence of the Handout will be promoted via a reasonable amount of readily-visible signage located throughout the Store. Furthermore, the Handout shall be made available for distribution to patrons at the following locations: (i) by the Store's three Main Entrances (either from the security guard stationed at the entrance or from a nearby stand); (ii) at any of the cashier stations cquipped with an auxiliary counter as set forth above in § 3.2 of this Stipulation; and (iii) at the customer service center.

5

B. Century 21's obligations pursuant to Section III of this Agreement shall only continue to exist for as long as Century 21 leases the Store and operates it as a retail store that is open to the public.

## IV.   DISMISSAL OF ACTION WITH PREJUDICE

4.1    Immediately upon the "So Ordering" of the Settlement Agreement, this Action – and all claims and cross-claims therein – shall be dismissed with prejudice in its entirety. The Parties shall direct their respective counsel to execute all stipulations and/or other documents required by the Court (if any) necessary to effectuate this dismissal with prejudice.

A.    Plaintiff's Release of Claims Against Defendants.

4.2    Plaintiff hereby forever releases Century 21, Mayore, and co-owner 80 Lafayette Associates LLC, and each of their parent entities, affiliates, subsidiaries, predecessors, successors, assigns, officers, directors, shareholders, employees, agents, attorneys, architects, engineers, contractors, leasees, landlords, and partners, and all persons acting by, through, or in concert with them, from any and all claims, demands, liability, causes of action, suits, debts, dues, sums of money, fees and liabilities of any kind whatsoever, in law or in equity, whether known or unknown, asserted or unasserted, which Plaintiff ever had, now has, or may hereafter have, by reason of any matter, cause or thing whatsoever from the beginning of the world up to, and including, the date of Plaintiff's execution of this Stipulation of Settlement, including, but not limited to, claims asserted in (or that could have been asserted in) this Action, and all claims based upon any theory in law or at equity, concerning the accessibility of the Property, or any portion thereof (including, but not limited to, the Store), to disabled individuals, including, but not limited to, claims arising under the ADA, the Rehabilitation Act of 1973, the New York

6

Executive Law, and the New York City Administrative Code, and all similar or related laws, rules, regulation, or guidelines.

## V.    MISCELLANEOUS PROVISIONS

5.1     Defendants are entering into this Stipulation of Settlement without acknowledging any fault, liability, or wrongdoing of any kind. Neither this Stipulation nor any items and provisions (including "whereas" clauses), nor any of the negotiations or proceedings connected with it, shall be construed as an admission of the truth of any of the Plaintiff's and/or co-Defendant's assertions, or of liability, fault, or wrongdoing of any kind whatsoever. Furthermore, nothing in this Stipulation shall be deemed or construed to be an admission by Defendants that any of the descriptions or characterizations of the Property (including, but not limited to, the Store) or any conditions or aspects thereof set forth in this Stipulation constitute any failure to comply with the ADA or any other statute, rule, or regulation.

5.2     There shall be no modification or amendment of this Stipulation unless in writing and duly executed by the party to be charged.

5.3     This Stipulation represents the entire agreement between Plaintiff and Defendants. This Stipulation supercedes any prior agreements, oral representations, or statements made by or between Plaintiff and the Defendants.

5.4     Plaintiff may seek enforcement of this Stipulation of Settlement only and exclusively by commencing a final and binding arbitration proceeding before the American Arbitration Association ("AAA"), in accordance with the arbitration rules of the AAA.

5.5     If, in the judgment of Century 21, any modification provided for in Section III, Paragraph A cannot be accomplished in the manner set forth therein, or would require unanticipated disruption or expense, Defendants shall provide Plaintiff's counsel with: (i) a

7

written explanation as to why the modification cannot be accomplished or would require unanticipated disruption or expense; and (ii) a proposal for an alternative method to achieve, to the maximum extent possible, the intent of the proposed modification.  Plaintiff shall not unreasonably withhold consent to such a modification, and any dispute with respect to this paragraph that cannot be resolved amicably shall be submitted to AAA arbitration as set forth above in Paragraph 5.4.

5.6     In the event that a condition of force majeure occurs to prevent compliance by Defendants with the obligations under this Stipulation, Defendants shall promptly attempt to fulfill such obligation upon cessation of the condition of force majeure.  In the event Defendants believe that a condition force majeure exists, Defendants shall immediately notify Plaintiff (through his counsel) of such a belief.

5.7     This Stipulation of Settlement may be executed in one or more original or facsimile counterparts, all of which together shall constitute one and the same original instrument.

### ATTORNEY FEES AND COSTS

6.1     Within thirty (30) days of the Court's entry of this Stipulation of Settlement, Century 21 shall forward to Plaintiff's counsel a check made payable to "Ku & Mussman, P.A." in the amount of $15,000.00 (Fifteen Thousand Dollars).  Such payment shall be in full and complete satisfaction of all claims by Plaintiff for attorneys' fees, costs, expenses, expert fees and costs, and any and all other costs, fees, expenses, or disbursements incurred by Plaintiff and/or his counsel, consultants, and/or experts, in connection with this Action.

* * * * *

8

Dated: February 7, 2008

KU & MUSSMAN, P.A.

By: _____

    J. Justin Griffin
    Of Counsel
    176 Route 304, 2nd Floor
    Bardonia, NY 10954
    Tel: (845) 623-8071
    Fax: (845) 623-8072
    jjg10@hotmail.com

Attorneys for Plaintiff

MARTIN KURLANDER, ESQ.

By: _____

    Martin Kurlander
    32 Court Street
    New York, NY 11201
    Tel: (718) 246-9060
    Fax: (718) 852-6400
    legal@mayore.net

Attorney for Defendant Mayore

So Ordered:

_____

United State District Judge Denise L. Cote

_____

Date

.PROSKAUER ROSE LLP

By: _____

    Richard M. Goldstein
    Joshua A. Stein
    1585 Broadway
    New York, NY 10036
    Tel: (212) 969-3000
    Fax: (212) 969-2900
    rgoldstein@proskauer.com
    jstein@proskauer.com

Attorneys for Defendant Century 21

So ordered. The Clerk of
Court shall close the
case and terminate any
pending motion.
Denise Cote
Feby 8, 2008

9

Dated: February 5, 2008

KU & MUSSMAN, P.A.

By: _____
J. Justin Griffin
Of Counsel
176 Route 304, 2nd Floor
Bardonia, NY 10954
Tel: (845) 623-8071
Fax: (845) 623-8072
jjg10@hotmail.com

Attorneys for Plaintiff

MARTIN KURLANDER, ESQ.

By: _____
Martin Kurlander
32 Court Street
New York, NY 11201
Tel: (718) 246-9060
Fax: (718) 852-6400
legal@mayore.net

Attorney for Defendant Mayore

So Ordered:

_____
United State District Judge Denise L. Cote

_____
Date

PROSKAUER ROSE LLP

By: _____
Richard M. Goldstein
Joshua A. Stein
1585 Broadway
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
rgoldstein@proskauer.com
jstein@proskauer.com

Attorneys for Defendant Century 21

9